UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JORGE E. PALACIO,

v.                     Case No. 8:88-cr-336-T-24EAJ

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant's October 25, 2005 filing entitled, "Petitioner's Motion of Entitlement to Redress Pursuant to Federal Rules of Procedure 60(b)(6)" (Doc. No. 718), which the Court construes as a successive 28 U.S.C. § 2255 motion to vacate.

BACKGROUND

In June 2001, Defendant filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. No. 706). The Court denied the motion to vacate as time-barred. (Doc. No. 710). Defendant filed a Notice of Appeal which the Court construed as a request for a Certificate of Appealability (Doc. No. 712) and denied the request. (Doc. No. 713). On December 4, 2001, the United States Court of Appeals for the Eleventh Circuit also denied Defendant's request for a Certificate of Appealability; on February 19, 2002, the Eleventh Circuit denied his motion for reconsideration of the denial of the request for Certificate of Appealability. (Doc. Nos. 716 and 717).

DISCUSSION

In the present Rule 60(b) motion, Defendant does not challenge the Court's finding that his first 2255 motion to vacate was time-barred. Instead, he seeks relief from judgment based on a substantive claim. He alleges that:

> Jorge Palacio was never charged by indictment information or criminal complaint with § 3B1.1 Aggravating Role Based on the defendant's role in the offense, increase [sic] the offense level as follows:
>
>> The defendant was a organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels via conspiracy.

(Doc. No. 718, p. 8).

In Gonzalez v. Crosby, 125 S.Ct. 2641 (2005), the United States Supreme Court held that a Rule 60 (b) motion for relief from judgment seeking to advance one or more substantive claims qualifies as a second or successive habeas corpus petition. Gonzalez also applies to motions to vacate. See United States v. Terrell, 2005 WL 1672122, (11th Cir., July 19, 2005).

Pursuant to 28 U.S.C. § § 2255 and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, federal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion. See 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would

have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.  See In re Blackshire, 98 F.3d 1293 (11th Cir. 1996).

Defendant has not fulfilled the requirements of the statutes as set out above.

Accordingly, the Court orders:

That Defendant's successive 28 U.S.C. § 2255 motion to vacate is denied.  The Clerk is directed to send Defendant the Eleventh Circuit's application form for second or successive motions to vacate under 28 U.S.C. § 2244(b). The Clerk is directed to enter judgment accordingly.

ORDERED at Tampa, Florida, on December 21, 2005.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

AUSA:  James A. Muench

Pro Se:  Jorge Eliecer Palacio